UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

——————————————————— X

Diane Roy

**Plaintiff**

-against-

Daniels & Norelli, P.C.

**Defendant**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 22 2010 ★

LONG ISLAND OFFICE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

**CV-10 5426**

IRIZARRY, J.

GO, M.

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

### I. INTRODUCTION

1. Plaintiff is suing because in an attempt to collect an alleged debt from Plaintiff, Defendant falsely threatened to sue the Plaintiff; and falsely threatened to begin judgment enforcement proceedings against the Plaintiff despite the fact that no judgment had been obtained against the Plaintiff.

2. This is an action for damages brought by an individual consumer for Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.   According to 15 U.S.C. 1692:

(a)   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, Diane Roy, is natural person who resides in Ohio.

6. Defendant Daniels & Norelli, P.C. ("Daniels") is engaged in the business of collecting debts in this state, and is authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

8. The Defendant alleges that the Plaintiff owes a consumer debt (the debt) for a credit card ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

10. The Defendant alleges that the Plaintiff owes a consumer credit card debt to Midland Funding for a Capital One credit card. Plaintiff has never had any business relationship with Midland Funding.

11. At some point unknown to the Plaintiff, the Defendant alleges to have acquired the right to collect the debt from Plaintiff. Plaintiff has not seen nor is she aware of any documents that establish the Defendant's right to be collecting the alleged debt.

12. On or about May 5, 2010, the Defendant telephoned the Plaintiff and falsely threatened to begin judgment enforcement proceedings "tomorrow" unless the debt was paid.

13. There is no judgment entered against the Plaintiff relating to the alleged debt.

14. The Defendant falsely threatened to take "legal action" against the Plaintiff "tomorrow" unless the debt was paid.

15. The Defendant did not have the right and/or intent to bring a legal action against the Plaintiff to attempt to collect the alleged debt.

16. The Defendant did not have the right to engage in judgment enforcement proceedings against the Plaintiff.

## V. CAUSES OF ACTION UNDER THE FDCPA

17. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

18. Defendant actions and omissions constitute violations of the FDCPA including but not limited to the following:

    a. Defendant violated 15 U.S.C Section 1692d

    b.. Defendant violated 15 U.S.C Section 1692e

    c. Defendant violated 15 U.S.C Section 1692e(4)

    d.. Defendant violated 15 U.S.C Section 1692e(5)

    e. Defendant violated 15 U.S.C Section 1692e(10)

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant, for the following:

    A. Actual damages; pursuant to the FDCPA; GBL; and common law claims;

    B. Statutory damages;

    C. Costs and reasonable attorney's fees pursuant to the FDCPA;

    D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Joseph Mauro